

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 19, 1949

Hon. Vernon D. Adcock
County Attorney
Dawson County
Lamesa, Texas

Opinion No. V-975.

Re: The authority of the
Commissioners' Court
to close a public road
in the county under
the submitted facts.

Dear Sir:

We refer to your letter from which we quote in
part:

"Enclosed are copies of proceedings had
in connection with the closing of a certain
public road in Dawson County, which had pre-
viously been opened under Article 6703, et
seq., R.C.S. This road has been used and
maintained by Dawson County for several years.
Land adjoining the road on one side is owned
by H. F. Barron; land adjoining the road on
the other side is owned by Mrs. R.C.Kilgore.
This road when opened was laid out with one-
half the road taken from the said two tracts
of land, the division line forming the center
of the road.

"The petition to close the road was sign-
ed by H.F.Barron and others but not by Mrs.
R.C.Kilgore. Mrs. Kilgore is opposed to the
closing of the road and contends that she had
no notice and did not realize there was a pe-
titon pending until after the Commissioners'
Court order had been passed closing the road.
She contends also that the road has been grad-
ed and maintained by the county during the
last three years and that it has been used by
her and others continuously during said period.

"From questioning members of the Commis-
sioners' Court and the County Judge, it ap-
pears that the order was made after the Court
heard Mr. Barron explain to them the reasons
why he wanted the road closed.

"Your opinion is requested as to whether

or not this is a valid order, and whether it
legally closes this road."

The submitted copy of the Petition for Closing
Public Road addressed to the Commissioners' Court of
Dawson County, filed on September 7, 1949, and signed by
H.F.Barron and ten others reads, in substance, as follows:

"We, the undersigned citizens, free-
holders, residing in the precincts through
which the following described road does run,
pray that a public road of the first class,
40 feet in width, be closed in said county,
having its points of beginning and ending
as follows:
Field Notes  (describes boundaries of entire
road.)"

The submitted copy of the Public Road Notice,
Closing Road, reading in substance, the same as the
above-quoted petition, is dated September 7, 1949.  It
is signed by H.F.Barron and the same ten others.

The submitted sworn affidavit reads:

"I, H.F.Barron, one of the signers of
the within petition, upon my oath, state that
notices of the intended application for the
closing of said new road were posted for at
least twenty days before the first day of the
term of the Commissioners' Court at which this
petition is presented, exclusive of the day
of posting, as follows, to-wit:

"One at the Court House door in Lamesa,
Dawson County, Texas.  One at the south end of
Proposed road to close, and one at the North
end of the proposed road to close, two other
public places in the vicinity of the route
of the proposed new road.
                          H.F.Barron
Subscribed and sworn to before me, this 16th
day of November, 1949.
                    FERN ROGERS, Notary
                    Public, in and for
(SEAL)              Dawson County, Texas"

The copy of the Commissioners' Court's action

on said petition which you submit reads:

"BE IT REMEMBERED That the Honorable
Commissioners' Court of Dawson County, Texas,
met in regular session this the 10 day of
October, A.D. 1949, with the following mem-
bers present, to-wit:

R. W. HERNDON, County Judge, Presiding.
E.G.MURPHY, Commissioner, Precinct No.1.
W.T.SHELLGROVE, Commissioner, Precinct No.2.
ALTON ADDISON, Commissioner, Precinct No.3.
CECIL O'BRIEN, Commissioner, Precinct No.4.
HOWARD HUMPHREY, County Clerk and Ex-Officio
Clerk of the Commissioners' Court.

"The following business being transacted:

". . .

"Petition #208, for the closing of a Pub-
lic road between Section 6, Block 34, T 4 N.,
and Section 1, Block 35, T 4 N., N. P. Barron
and others, was presented to the Court and
the Court voted unanimously to close said
road, and the road is here now ordered clos-
ed."

Article 6704, Vernon's Civil Statutes, requires
that the Commissioners' Court shall classify all public
roads in their counties and provides in part as follows:

"First Class roads shall be clear of all
obstructions, and not be less than forty (40)
feet nor more than one hundred (100) feet wide."

Article 2351, V.C.S., provides that each com-
missioners' court shall:

"3. Lay out and establish, change and
discontinue public roads and highways . . ."
(Emphasis added)

Article 6703, V.C.S., insofar as the question
at hand is concerned, provides:

"The commissioners court shall order
. . . and discontinue . . . any road when-
ever it shall be deemed expedient . . . and

no entire first or second class road shall
be discontinued except upon vacation or non-
use for a period of three years . . ."

We construe this Statute to mean that the court
may discontinue a road by (1) a vacation order, or (2)
where there has been a non-use of a three-year period.
The three-year limitation applies only to non-use and
not to a vacation order.

Article 6705, V.C.S., provides in part:

"The commissioners court shall in no in-
stance grant an order on an application for
any new road, or to discontinue an original
one . . . unless the applicants have given at
least twenty days notice by written advertise-
ment of their intended application, posted up
at the court house door of the county and at
two other public places in the vicinity of
the route of such road. All such applications
shall be by petition to the commissioners
court, signed by at least eight freeholders
in the precinct in which such road is desired
to be made or discontinued, specifying in such
petition the beginning and termination of such
road . . ."

Article 6703 empowers the Commissioners' Court
to order the discontinuance of any public road. Article
6705 provides that such court shall in no instance grant
an order on an application to discontinue a road unless
the notice procedure of that statute is met. So while
the Commissioners' Court is given power to act upon its
own motion (which point is not now before us), it has
the power to act upon the application of freeholders to
discontinue a public road, subject, of course, to the
provisions of article 6705. Compare: Robinson v. Whaley
Farm Corp., 120 Tex.633, 37 S.W.2d 714 (1931); Irion
County v. Mayer, 149 S.W.2d 629 (Tex.Civ.App.1941).

Consideration has been given to that restric-
tion in Article 6703 which provides "no entire first . . .
class road shall be discontinued except upon vacation or
non-use for a period of three years." Prior to the re-
vision of the laws in 1925, that restriction was found in
Article 4713, R.C.S., 1895, and in Article 6902, R.C.S.,
1911, but read as follows:

> "No entire road of the first . . .
> class shall hereafter be discontinued ex-
> cept upon <u>vacation by orders of the Commis-
> sioners court</u> or non-use for a period of
> three years." (Underscoring ours).

Excepting the underscored words, that entire
statute was incorporated in Article 6703, R.C.S., 1925,
along with Articles 6860-1-2-76, R.C.S., 1911. Since
the first sentence of Article 6703 as revised in 1925
authorized the Commissioners' Court to <u>order</u> the discon-
tinuance of roads, we think that for that reason alone
the words "by orders of the commissioners court" follow-
ing the word "vacation" in Article 6703 were deleted in
the revision. In short, we are of the opinion that the
three-year provision in that restrictive clause does not
restrict the power of the Commissioners' Court to pass
a vacation order whenever it shall be deemed expedient.
We view the order granted in the proceedings submitted
as being in substance and legal effect such a vacation.

Under the facts submitted it appears that the
road in question was an entire public road, classified
as first-class; that the petition to close the entire
road was signed by at least eight freeholders in the pre-
cinct in which such road was desired to be discontinued;
and that applicants had given at least the twenty days
notice and posted same, all as required by Article 6705.
There having been compliance with the provisions of Arti-
cle 6705, it is our opinion that the Commissioners' Court
acting under that statute and its authority granted in
Article 6703, had the power to grant the order in question.
in the manner and at the time it did. A.G.Opinion V-443.
The law does not require that personal notice shall have
been served on anyone, it provides only for posting of
three public notices for at least twenty days.

However, further with respect to the power of
a Commissioners' Court under Article 6703 to discontinue
or close any public road, we quote from <u>Commissioners'
Court v. Kaiser</u>, 23 S.W.2d 840 (Tex.Civ.App.1929, error
ref.) at page 842:

> "The power conferred upon that (Commis-
> sioners') court by Article 6703 of our Revised
> Statutes to discontinue any public road cannot
> be construed as authorizing the closing or ob-
> struction of a roadway in the use of which re-
> sidents thereon have a vested property right;

even the Legislature of this State has no such power.

"The power to discontinue a public road conferred by the cited statute is restricted to abandonment by the county of its mainte- nance as such public highway, and does not in- clude the right to deny its use to the owners of property situated thereon." (Word in par- enthesis added)

This holding is followed in MacFarlane v. Davis, 147 S.W. 2d 528 (Tex.Civ.App.1941).

Therefore, in the light of Article 6703 as con- strued in the Kaiser Case, the effect of the order of the Commissioners' Court of Dawson County in question was an abandonment by the county of the maintenance of such en- tire first-class public road, to relieve the public from charge of maintaining the road discontinued in accordance with the provisions of Articles 6705 and 6703. See also: Texas Co. v. Texarkana Mach.Shops, 1 S.W.2d 928 (Tex.Civ. App.1928). It does not close the road in the sense that it denies its use to persons who may have vested rights therein.

Your second question involves matters concern- ing private rights, the determination of which does not lie within the province of this office.

## SUMMARY

Under submitted facts, the order of a Commissioners' Court to discontinue an en- tire first-class public road, passed under authority of Article 6703, V.C.S., and in compliance with Article 6705, V.C.S., was valid. The effect of such order was an aban- donment by said county of the maintenance of such road. It did not deny its use to per- sons who may have had vested rights therein. Commissioners' Court v. Kaiser, 23 S.W.2d 840; MacFarlane v. Davis, 147 S.W.2d 528.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Chester E. Ollison
Assistant

APPROVED

Joe R. Greenhill
FIRST ASSISTANT
ATTORNEY GENERAL
CEO:mw